UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FREDDIE CHARLES,

               Plaintiff,

        -against-

CITY OF NEW YORK,
POLICE OFFICER MARIA BRITO (TAX 948694),
POLICE SERGEANT MARITZA GARAY (TAX 928347),
POLICE OFFICER STEVEN RAMUNNO (TAX 930874),
POLICE OFFICER TONY IP (TAX 949749),
POLICE OFFICER TYRELL WARBURTON (TAX 949782),
POLICE INSPECTOR DERMOT SHEA (TAX 899846),
POLICE OFFICER ROBERT MEYER (TAX 898076),
POLICE OFFICER CHRISTOPHER EGAN (TAX 935336),
and JOHN DOES 1 and 2,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FIRST AMENDED COMPLAINT**

13 CV 3547 (PAE) (AJP)

**PLAINTIFF DEMANDS A TRIAL BY JURY**

RECEIVED
FEB 25 2014
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff Freddie Charles, by his attorneys, Reibman & Weiner, as for his complaint against the defendants, alleges, upon information and belief, as follows:

## PARTIES, JURISDICTION and VENUE

1.    At all relevant times herein, plaintiff Freddie Charles was an adult male resident of Bronx County, in the City and State of New York.

2.    At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

3.      Upon information and belief, defendant Maria Brito (Tax 948694), was at all relevant times herein employed by the City of New York as a member of the NYPD. Brito is being sued in both her official and individual capacities.

4.      Upon information and belief, defendant Maritza Garay (Tax 928347), was at all relevant times herein employed by the City of New York as a member of the NYPD. Garay is being sued in both her official and individual capacities.

5.      Upon information and belief, defendant Steven Ramunno (Tax 930874), was at all relevant times herein employed by the City of New York as a member of the NYPD. Ramunno is being sued in both his official and individual capacities.

6.      Upon information and belief, defendant Tony Ip (Tax 949749), was at all relevant times herein employed by the City of New York as a member of the NYPD. Ip is being sued in both his official and individual capacities.

7.      Upon information and belief, defendant Tyrell Warburton (Tax 949782), was at all relevant times herein employed by the City of New York as a member of the NYPD. Warburton is being sued in both his official and individual capacities.

8.      Upon information and belief, defendant Dermot Shea (Tax 899846), was at all relevant times herein employed by the City of New York as a member of the NYPD. Ip is being sued in both his official and individual capacities.

9.      Upon information and belief, defendant Robert Meyer (Tax 898076), was at all relevant times herein employed by the City of New York as a member of the NYPD. Meyer is being sued in both his official and individual capacities.

10.     Upon information and belief, defendant Christopher Egan (Tax 935336), was at all relevant times herein employed by the City of New York as a member of the NYPD. Egan is being sued in both his official and individual capacities.

11.     Upon information and belief, John Does 1 and 2 were at all relevant times herein an adult males whose identities are not presently known to plaintiff but are believed to be employees of the NYPD.  The Doe defendants are being sued in both their official and individual capacities.

12.     Upon information and belief, at all relevant times each of the defendants named herein, including the Doe defendants, were state actors acting in the course of their employment with the NYPD under color of law.

13.     Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983.

14.     Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because the events complained of herein occurred within the Southern District of New York, and because it is the plaintiff's district of residence.

## FACTUAL ALLEGATIONS

15.     On June 2, 2011, at or about 9:00 p.m., the plaintiff was lawfully present inside a bodega at or near the intersection of East 167 Street and Clay Avenue in Bronx County.

16.     At or about this time, members of the NYPD were arresting or had just arrested another person outside the bodega pursuant to arrest number B11645888.

3

17.    Plaintiff was not and had not been engaged in any criminal or unlawful conduct and there was no lawful basis for his seizure or arrest, nor was there any reasonable basis for the defendants to believe that such a lawful basis existed.

18.    Notwithstanding the above, as plaintiff exited the bodega, he was shoved from behind.  When plaintiff turned, he saw that it was one of the defendants named herein who had pushed him.

19.    The individual who pushed plaintiff from behind was an adult male dressed in an NYPD uniform.

20.    In response to Plaintiff's Interrogatory Number 14, dated December 26, 2013, directed to defendant Brito, which demanded that defendant Brito "[i]dentify the officer(s) who placed handcuffs on the plaintiff," defendant Brito responded in part by referring plaintiff to each of the individuals identified in her Objection and Response to Interrogatory No. 1, which named each of the defendants named herein.

21.    In response to the same Interrogatory, the defendant, City of New York, gave the same sworn response.

22.    Accordingly, at least one of the defendants named herein, including the individual who pushed plaintiff from behind, immediately handcuffed plaintiff and propelled him into the street, towards an NYPD van.

23.    Accordingly, at least one of the defendants named herein, including the individual who pushed plaintiff from behind, made the handcuffs unnecessarily tight so that they hurt plaintiff.  Plaintiff complained repeatedly to each of the defendants named

4

herein about the overly tight handcuffs to each of the individual defendants, but the defendants refused to loosen them or take any other reasonable steps to alleviate the obvious pain being caused by the unnecessarily tight handcuffs.

24.    Plaintiff was placed in the van and held at the location for a period of time before being to a local area NYPD precinct station house, where he was held against his will for a number of hours.

25.    Plaintiff was placed in this van with defendants Brito, Garay, and one of the Doe defendants, who transported plaintiff to the precinct.

26.    Plaintiff repeatedly complained to the defendants about the excessively tight handcuffs in the van, and repeatedly at the precinct.

27.    None of the defendants loosened plaintiff's handcuffs or made any other reasonable attempts to alleviate his obvious pain being caused by the excessively tight handcuffs.

28.    Plaintiff was eventually transported to Bronx County Central Booking, where he was processed and held for many more hours.

29.    Defendant Brito was the assigned officer responsible for prosecuting plaintiff's arrest.

30.    While plaintiff was in defendants' custody, the defendants created or caused the creation of paperwork memorializing false factual allegations alleging that plaintiff had engaged in disorderly conduct, obstruction of governmental administration, and resisting arrest.

31.    The defendants made or brought about these false allegations with the understanding that the false allegations would be transmitted to the Bronx County District Attorney

5

("BCDA") so that the BCDA would commence the criminal prosecution of the plaintiff.

32. The false allegations were then, in fact, transmitted or otherwise communicated to the BCDA.

33. However, the BCDA declined to prosecute the plaintiff on any charges.

34. Plaintiff was held in defendants' custody for more than 30 hours as a result of his arrest by the defendants on June 2, 2011.

35. Plaintiff was conscious of his detention at all times.

36. At no time did defendants have sufficient cause to arrest or otherwise detain or imprison plaintiff, nor did they have a reasonable basis to believe such cause existed.

37. As a result of defendants' use of overly tight handcuffs, plaintiff suffered an upper right extremity peripheral neuropathy, including radial nerve injury.

38. At all times relevant herein, each of the defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

39. Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if incorporated and reiterated herein.

40. Defendants willfully and intentionally (i) seized and arrested plaintiff without cause, and without a reasonable basis to believe such cause existed, (ii) imprisoned plaintiff

6

against his will; and (iii) employed excessive force by deliberately using overly tight handcuffs or otherwise refused to loosen the handcuffs when requested, and in so doing, violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, or otherwise failed to take reasonable steps to prevent their fellow officers from engaging in such conduct..

41.    By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused plaintiff to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

42.    Plaintiff repeats each and every allegation contained in the foregoing paragraphs of the complaint as if incorporated and reiterated herein

43.    Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

44.    The municipal defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD.  Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to

7

reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

45.   The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

46.   All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD.

47.   The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a.   Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b.   Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

8

    c.      Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d.      Retaliating against officers who report police misconduct; and

    e.      Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

48.    The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the many civil actions filed in the Eastern and Southern Districts of New York, as well as in New York State Supreme Court throughout the five boroughs of the City of New York.

49.    In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

50.    Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

51.    It is therefore clear that the municipal defendant has not only tolerated, but actively

9

fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

52.    By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against the defendants jointly and severally as follows:

i.     On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

ii.    On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

iii.   On the Second Cause of Action, damages in a substantial sum of money against the City of New York in an amount to be determined at trial;

iv.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

10

     v.    Such other relief as the Court deems just and proper.

Dated:   Brooklyn, New York
         February 25, 2014

                       REIBMAN & WEINER
                       Attorneys for Plaintiff

        By: _____
                       Jessica Massimi, Esq. (JM- 2920)
                       26 Court Street, Suite 1808
                       Brooklyn, New York 11242
                       (718) 522-1743

11