UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
FREDDY CHARLES,                                 :
                                                :
                              Plaintiff,        :     13 Civ. 3547 (PAE)
                                                :
               -v-                              :     OPINION & ORDER
                                                :
CITY OF NEW YORK, et al.,                       :
                                                :
                              Defendants.       :
                                                :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Freddy Charles brought this civil rights lawsuit, pursuant to 42 U.S.C. § 1983, against the City of New York and several officers of the New York City Police Department ("NYPD") (collectively, "defendants"), alleging constitutional violations sounding in false arrest and excessive force. Charles accepted an Offer of Judgment from defendants in the amount of $60,000.01. Charles now seeks $64,289.25 in attorneys' fees, expenses, and costs. Defendants do not contest that Charles is entitled to fees, expenses, and costs, but argue that the amount Charles seeks is too high. For the reasons that follow, the Court grants Charles's fee application, with specified exceptions and modifications that serve to reduce it to $48,983.50.

**I.    Background**

**A.    Factual Allegations**

On June 2, 2011, Charles was arrested, along with four other individuals, at the scene of an altercation outside a bodega in the Bronx, New York. Charles alleges that, although he was not involved in the altercation, at least one officer pushed him from behind and placed him under arrest when he exited the bodega. He was then placed in an NYPD van and driven to the local

precinct for processing and booking. Charles alleges that, while in custody, he was handcuffed excessively tightly, causing bruising and swelling to his wrists, as well as lasting physical injuries requiring extensive medical attention.

Charles was eventually released from custody when the Bronx County District Attorney declined to prosecute him. In total, he was held in custody for about 31 hours.

B. **Procedural History**

On May 24, 2013, Charles filed the complaint in this action, alleging that he was falsely arrested and subjected to excessive force in connection with his June 2, 2011 arrest. Dkt. 1. The case was assigned to the Southern District of New York's Plan for Certain § 1983 Cases Against the City of New York (the "Plan"). On February 25, 2014, Charles filed an amended complaint. Dkt. 30.

In attempting to value the case for settlement, the parties relied in large part on the records of an investigation by the Civilian Complaint Review Board ("CCRB") into the arrests of Charles and the others. The investigation, which included the testimony of six NYPD officers and five civilians, generated a nearly 300-page investigative file and about seven hours of audiotaped recordings of witness interviews. The file itself was not produced to Charles until after the Plan-mandated mediator session, which took place on November 26, 2013.

Once the file was produced, Charles disputed a fact reported by the CCRB, which significantly affected the case's settlement value. The written CCRB report notes that Charles had stated to the CCRB that he had a prior injury to his wrist—the same part of his body that he claims was injured during his June 2, 2011 arrest. Charles later denied having a prior wrist injury or making any statement to that effect to the CCRB. And the recording of Charles's CCRB interview does not disclose his making any such statement. Defendants maintained

during the course of the litigation—and continue to maintain—that Charles did make such a statement to the CCRB interviewer, but did so off the record, when he was having his wrist photographed for the file.

On May 20, 2014, defendants served an Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68, on Charles, in the amount of $60,000.01, plus reasonable attorney fees, expenses, and costs. *See* Dkt. 66 (Declaration of Dara A. Olds in Opposition to the Motion for Attorney Fees, Costs, and Expenses ("Olds Decl.")) Ex. B. On May 30, 2014, Charles filed a formal notice of acceptance of defendants' Rule 68 Offer. Dkt. 46.

### C. The Instant Motion

On July 15, 2014, Charles filed a motion for attorneys' fees, expenses, and costs, Dkt. 55; a supporting memorandum of law, Dkt. 56 ("Pl. Br."); and two supporting declarations—one from Jessica Massimi, Dkt. 57 ("Massimi Decl."), and one from Steven M. Weiner, Dkt. 58 ("Weiner Decl.").

On July 25, 2014, defendants submitted a declaration in opposition, *see* Olds Decl., and a memorandum of law, Dkt. 74 ("Def. Br.").

On August 8, 2014, Charles submitted a reply, Dkt. 68 ("Pl. Reply Br."), and two supporting declarations, Dkt. 69 ("Massimi Reply Decl."), 70 ("Weiner Reply Decl.").

## II. Discussion

Charles seeks $64,289.25 for the work of the law firm, Reibman & Weiner, who represented him in this matter, comprised of $60,942.50 in legal fees, $1,280.00 in paralegal fees, and $2,066.75 in costs and expenses. By the terms of the Offer of Judgment, Charles is entitled to "reasonable attorneys' fees, expenses, and costs." Olds Decl. Ex. B. Defendants do not dispute Charles's entitlement to fees, expenses, and costs. Instead, defendants dispute the

amount of the fee request on two primary grounds: (1) that the hourly rates claimed by Charles's attorneys are unreasonably high; and (2) that the number of hours expended by his attorneys should be reduced.[1] The Court will address each argument in turn.

### A. Standard for Attorneys' Fees

In determining the amount of a fee award, district courts are to calculate the "presumptively reasonable fee." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009). The starting point for determining the presumptive reasonable free is the "lodestar" amount, which is "'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). Courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 119.

"As the fee applicant, plaintiff[] bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

---

[1] Defendants do not appear to challenge the hourly rate or number of hours claimed on behalf of paralegal Jessica Alfarone ("Alfarone"), nor do they challenge the costs and expenses claimed by Reibman & Weiner.

4

### B. Hourly Rates

Two attorneys worked on this case for Reibman & Weiner. Reibman & Weiner requests $500 per hour for partner Steven Weiner, Esq. ("Weiner"), who has approximately 24 years of legal experience, Dkt. 57 ("Weiner Decl.") ¶¶ 4–6; and $275 per hour for associate Jessica Massimi, Esq. ("Massimi"), who has approximately four years of legal experience, Dkt. 57 ("Massimi Decl.") ¶ 5. Defendants argue that Weiner's rate should be reduced to $400 per hour, and Massimi's to $200 per hour.

#### 1. Weiner's Hourly Rate

Weiner received his Juris Doctor from Cardozo School of Law in 1990, and has been practicing law ever since. Weiner Decl. ¶ 4. Weiner also holds a medical degree, and was in private practice as a physician before going to law school. *Id.* Weiner is admitted to practice in the State of New York, as well as in the United States District Courts for both the Eastern and Southern Districts of New York. *Id.* ¶ 5. First as an associate at Stroock & Stroock & Lavan LLP, and then as a partner at Reibman & Weiner, Weiner has participated in civil litigation at both the trial and appellate levels, including civil rights, medical malpractice, products liability, and personal injury cases. *Id.* at ¶¶ 7–9. Relevant here, for roughly 13 years (between in or around 1994, when he joined the firm, and 2007), he directly handled all of Reibman & Weiner's § 1983 cases in the Eastern and Southern Districts of New York, as well as those civil rights actions brought by the firm in state court, and has remained involved in such cases since then. *Id.* ¶ 8. He avers that he has "been involved in Federal Civil rights litigation, in one form or another, for nearly 25 years," and that he is actively involved in the firm's personal injury cases because of his medical background. *Id.* ¶ 7.

Weiner represents that his current hourly rate is $500, although he does not aver that paying clients have in fact paid him at that rate. Weiner Decl. ¶ 9. This rate is within, but at the high end, of the range of prevailing rates approved in this District. *See Spence v. City of New York*, No. 06 Civ. 2852 (KMW), 2013 WL 6008240, at *5 (S.D.N.Y. Nov. 13, 2013) (collecting cases); *see also Chen v. TYT E. Corp.*, No. 10 Civ. 5288 (PAC) (DF), 2013 WL 1903735, at *2 (S.D.N.Y. May 8, 2013) ("Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600 . . . with rates on the higher end of this spectrum reserved for extraordinary attorneys held in unusually high regard in the legal community.") (internal quotation marks and citations omitted). For work on a similar case in the Eastern District, Weiner sought—and received—a fee award of $450 per hour. *See Hargroves v. City*, No. 03 Civ. 1668 (RRM) (VMS), 2014 WL 1270585, at *12 (E.D.N.Y. Jan. 6, 2014) (Report & Recommendation) ("Mr. Weiner's proposed rate of $450.00 is within the acceptable current range for attorneys, practicing in this district, who have at least twenty years of experience.").

Defendants argue that the fee should be reduced to $400 per hour based on *Agyapong v. Bohan*, No. 11 Civ. 586 (VB), 2013 WL 1687737 (S.D.N.Y. Apr. 9, 2013), in which the court rejected the $500 per hour fee request of plaintiff's counsel—an experienced civil rights litigator—finding instead that $400 per hour "is an accurate reflection of hourly rates in this community for this kind of work." *Id.* at *2.

The Court does not believe that such a substantial reduction in Weiner's fee is required here. However, based on its assessment of prevailing hourly rates for civil rights litigators in this District and of other relevant factors, including the rate set for Weiner himself in the 2014 *Hargroves* matter in the nearby Eastern District of New York, the Court agrees that $500 per

hour is unreasonably high. Instead, the Court finds that a rate of $450 per hour for such work performed by Weiner is appropriate. This rate "is in line with the hourly rates set for attorneys with similar experience and backgrounds in this forum." *Spencer*, 2013 WL 6008240, at *5; *see also Tatum v. City of New York*, 06 Civ. 4290 (PGG), 2010 WL 334975, at *4–5 (S.D.N.Y. Jan. 28, 2010) ($400 and $450 an hour for experienced trial lawyers in small civil rights firm); *Davis v. City of New York*, 10 Civ. 699 (SAS), 2011 WL 4946243, at *5 (S.D.N.Y. Oct. 18, 2011) ($425 an hour for partner with 31 years of experience and $400 an hour for partners with 20 and 24 years of experience).

### 2. Massimi's Hourly Rate

Massimi received her Juris Doctor from City University of New York School of Law in 2010. Massimi Decl. ¶ 5. Massimi avers that, in her four years of practice, she has appeared in more than 90 cases in the Southern and Eastern Districts of New York, the vast majority of which have been civil rights cases, and has also handled dozens of cases in state court regarding civil rights and personal injury matters. *Id.* ¶¶ 4, 5. She seeks a billable rate of $275 per hour, but does not state whether this is her regular billable rate, let alone identify paying clients who in fact pay for her services at that rate. *Id.* ¶ 7.

Defendants contend that Massimi does not have the requisite experience to justify a billable rate of $275 per hour. Defendants rely on *Wong v. Hunda Glass Corp.*, No. 09 Civ. 4402 (RLE), 2010 WL 3452417 (S.D.N.Y. Sept. 1, 2010) (Report & Recommendation), for the proposition that "the range of fees in this District for civil rights and employment law litigators with approximately *ten* years of experience is between $250 per hour and $350 per hour." *Id.* at *8 (emphasis added). Because Massimi has considerably less than 10 years' experience, they contend, her rate must be reduced to $200 per hour.

7

The Court agrees that Massimi's billable rate should be reduced, but to $225 per hour. As noted, although Massimi seeks $275 per hour, she fails to state in her sworn declaration that this is her contemporary hourly rate, *i.e.*, the rate that clients are actually billed for her work. It is thus unclear what if anything Massimi's stated billing rate of $275 an hour represents in practice. Nor does she represent that she has ever been awarded such a fee in a similar case. In light of the prevailing rate for junior associates doing civil rights litigation in this district, a rate of $225 per hour is reasonable. *See Antonmarchi v. Con. Ed. Co. of N.Y., Inc.*, No. 03 Civ. 7735 (LTS), 2012 WL 3126004, at *2 (S.D.N.Y. July 31, 2012) ($250.00 per hour for an associate with two to four years of legal experience reasonable); *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507 (S.D.N.Y. 2010) ($250 per hour for attorney with six years' experience and $200 per hour for attorney with one years' experience reasonable).

### C. Number of Hours

A plaintiff is only to be compensated for "hours reasonably expended on the litigation," and not for hours "that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Upon finding that counsel seeks compensation for excessive hours, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

#### 1. Block Billing (Weiner)

First, defendants ask for a 30% reduction in Weiner's hours on the ground that he engaged in "block billing," *i.e.*, grouping multiple tasks into a single billing entry. Def. Br. 8. Specifically, defendants take issue with six different entries in which Weiner block billed more

than five hours of daily work into a single time entry: (1) 5.2 hours for "Prep to conduct defendants depositions - review discovery materials including CCRB files, defendants statements, arrest reports, draft deposition outline, formulate strategy, draft questions for Brito" (May 12, 2014); (2) 7.4 hours for "Prep for defendants deps, review medical records, TC with client, review plaintiffs' [sic] 50-h transcript, draft dep outline; review patrol guide; draft specific questions from Patrol Guide for Officer Brito; Review and refine strategy; review CCRB file" (May 13, 2014); (3) 6.7 hours for "Continue prep for defendants depositions; review discovery responses for each deposition; prepare questions for Sergeant Garay, prepare questions for Inspector Shea, review patrol guide to formulate additional questions; instruct JA to prepare dep. Exhibits" (May 14, 2014); (4) 7 hours for "Prepare deposition outline and questions for P.O. Ip, review discovery responses regarding P.O. Ip; Prepare deposition outline and questions for P.O. Ramunno; Review discovery responses regarding P.O. Ramunno" (May 15, 2014); (5) 5.5 hours for "Prepare deposition outline for P.O. Warburton; P.O. Egan and P.O. Meyer" (May 16, 2014); and (6) 9.2 hours for "Final review of deposition outline and questions for P.O. Brito; review exhibits intended to be used at Brito deposition; Conduct Brito depo; Write memo to file re: Brito dep; adjust dep outline questions for Sergeant Garay dep." (May 19, 2014). Def. Br. 8–9 (citing Weiner Decl. Ex. 2).

The Court agrees that these entries are impermissibly vague. Although there is no *per se* rule against block billing, *see Rodriguez*, 84 F. Supp. at 425, to justify an award of attorneys' fees, counsel must provide enough information for the Court to assess the reasonableness of the hours worked on each discrete project. Although Weiner describes his tasks and the subject matter of those tasks with some specificity, the entries identified above cram together an entire

day's work into a single entry, such that it is impossible to discern how much time was spent on each task.

The egregiousness of Weiner's block billing is highlighted when his entries are contrasted with the helpfully disaggregated time entries of Massimi, his associate. On May 13 and 14, 2014, for example, Massimi billed 2.5 hours for "Attended and defended plaintiff's deposition"; 0.8 hours for "Travel time to and from plaintiff's deposition"; 0.3 hours for "Conference with client re: client's deposition"; 0.4 hours for "Conference with [Weiner] re: client's deposition"; 0.3 hours for "Reviewed patrol guide sections provided by defense counsel ahead of defendants' upcoming depositions. Determined that not all applicable sections were provided. Emailed defense counsel requesting that she send this material"; 0.5 hours for "Received email from defense counsel with additional patrol guide sections; reviewed these sections in preparation for defendants' depositions." Massimi Decl. Ex. 1. For those same two days, Weiner billed 7.4 hours for "Prep for defendants deps, review medical records, TC with client, review plaintiffs' [sic] 50-h transcript, draft dep outline; review patrol guide; draft specific questions from Patrol Guide for Officer Brito; Review and refine strategy; review CCRB file" and 6.7 hours for "Continue prep for defendants depositions; review discovery responses for each deposition; prepare questions for Sergeant Garay, prepare questions for Inspector Shea, review patrol guide to formulate additional questions; instruct JA to prepare dep. Exhibits." Weiner Decl. Ex. 2. Massimi's itemized billing affords reasonable clarity; the amount of time she spent on each discrete task is clear. Weiner's entries, by contrast, are vague as to the amount of time spent on each task, making it impossible for the Court to assess the reasonableness of his billing.

Accordingly, the Court decreases the total number of Weiner's compensable hours with respect to the six entries in which he block-billed, described above, by 30%. The Court does not, however, direct that Weiner's hours be reduced on days in which he did not block bill. Because the total hours that Weiner claims to have worked in these six entries (41 hours) represent 68.44% of the overall hours he claimed, this reduction is equivalent to an across-the-board reduction of approximately 20.5% in the hours claimed by Weiner. *See Kirsch*, 148 F.3d at 173 (upholding 20% reduction in fee award because of "vagueness, inconsistencies, and other deficiencies in the billing records," including block billing); *Abeyta v. City of New York*, No. 12 Civ. 5623 (KBF), 2014 WL 929838, at *5 (S.D.N.Y. Mar. 7, 2014) ("[G]iven the vague nature of certain entries in the spreadsheet documenting the hours worked by defendants' counsel, the Court hereby decreases the total number of hours for which compensation is sought by 10%."); *Wise v. Kelly*, 620 F. Supp. 2d 435, 452 (S.D.N.Y. 2008) (reducing fees by 25% because certain entries were too vague to enable the court to assess their reasonableness).

### 2. Excessive or Unnecessary Hours (Massimi)

Second, defendants argue that Massimi spent more hours than reasonably necessary on certain tasks associated with Charles's case, and accordingly request an across-the-board 30% reduction in her time. Def. Br. 9, 10. In support of this argument, defendants identify only two instances in which they contend that Massimi's time was unnecessary or excessive. First, Massimi billed two hours for drafting a one and a half page letter objecting to defense counsel's request to adjourn the initial conference; defendants contend that two hours is excessive and should be reduced to one hour at most. *Id.* Defendants also object that the four hours that Massimi spent drafting a motion to strike defendants' affirmative defenses for failure to respond to plaintiff's discovery demands was unnecessary because those discovery demands were clearly

outside the scope of the Local Rules for the Southern District of New York. Def. Br. 10. The Court disagrees that these hours are excessive.

Having reviewed the record, the Court concludes that the time Massimi spent drafting both the letter and the motion was reasonable, albeit on the high end of the hours that could reasonably be expended on these tasks. The Court's assessment is not altered by the fact that the motion to strike was ultimately unsuccessful; Massimi made the motion in good faith, demonstrating capable advocacy on her client's behalf. That the Court ultimately rejected the legal position she espoused does not preclude the recovery of fees. *See Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 538 (S.D.N.Y. 2008). Furthermore, even if the time billed in these two instances—which amounts to only six hours total—were unnecessary or excessive, it would not justify defendants' proposal to cut Massimi's time—which amounts to more than 100 hours—by 30% across the board. Because the Court finds that Massimi's hours were reasonable, no reduction in her hours is warranted.

Defendants also take issue with Massimi's billing for travel time and time spent doing legal research at her full hourly rate, rather than at a reduced rate. Def. Br. 10. With respect to the 2.3 hours Massimi bills for travel, the Court agrees that a 50% reduction is warranted. *See LV v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510, 526 (S.D.N.Y. 2010) (collecting cases) ("Courts in this Circuit regularly reduce attorneys' fees by 50 percent for travel time.").

No such reduction is warranted, however, with respect to Massimi's legal research time. Courts in this district have awarded reduced rates for legal research where the research was on a "basic level." *See, e.g.*, *Bridges v. Eastman Kodak Co.*, No. 91 Civ. 7985 (RLC), 1996 WL 47304, at *9 (S.D.N.Y. Feb. 6, 1996); *Jennette v. City of New York*, 800 F. Supp. 1165, 1169 (S.D.N.Y. 1992). However, whether to award full or reduced pay is completely within the

Court's discretion. *See New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) ("In assessing the extent of . . . background research appropriate for a given case, a district court must be accorded ample discretion."). Here, there is no indication that the amount of time Massimi spent conducting legal research (less than 20 hours total) was unnecessary or unreasonable. To be sure, courts in this District have reduced the number of hours compensable for conducting legal research, but where they determined that the hours so spent were unreasonable. *See, e.g.*, *Bridges*, 1996 WL 47304, at *9 ("[T]he court does not believe that the *several hundred hours* expended were absolutely necessary. Thus, the research time will be compensated, but at a rate of 50%.") (emphasis added). Defendants do not point to any particular entry they contend was excessive or unjustified, but argue that "plaintiff's counsel should be familiar" with issues such as qualified immunity, false arrest, settlement value, and protective orders, Def. Br. 10, and thus time spent researching these issues is not fully compensable. This argument, however, does not hold water. Research on those issues appears to have been important to securing the Offer of Judgment for her client, and the hours spent on the range of research topics enumerated is not disproportionate. The Court disagrees that a reduction for time spent conducting legal research is warranted here.

### 3. Hours Associated With Making the Fee Application

Finally, defendants contend that plaintiff should not be awarded any fees associated with making the instant motion because Reibman & Weiner refused to exchange billing records with defendants prior to making the motion, making it impossible for defendants to make an informed settlement offer or otherwise negotiate the issues of fees. Def. Br. 11. Had the billing records been produced, defendants argue, the need for a fee application may have been obviated altogether. *Id.*

The Court disagrees that such a drastic remedy is warranted. The prevailing party in a civil rights case is generally entitled to fees incurred in connection with the preparation of a fee application. *See Tucker v. City of New York*, 704 F. Supp. 2d 347, 358 (S.D.N.Y. 2010) ("Time devoted to a fee application is generally compensable.") (collecting cases); *see also Barbour v. City of White Plains*, 788 F. Supp. 2d 216, 223 (S.D.N.Y. 2011) ("[T]he law . . . dictates that a prevailing civil rights plaintiff may include the costs of drafting a motion to recover fees as part of a fee award."). That said, the record does reflect that plaintiff's counsel declined to share its time records until its fee application, which attached those records, had been filed in this Court. Plaintiff's counsel does not articulate a good reason for not sharing this material once the settlement was in place and a fee award was the only issue remaining to be decided. How events would have played out had plaintiff's counsel shared their time records with the defense is, of course, unknowable. It is, however, plausible that, had plaintiff's counsel shared these with the defense, and thereupon met and conferred with the defense to attempt to resolve the fee dispute, the parties would have narrowed the areas in dispute. Because plaintiff's counsel's inexplicable decision to not share their time records with the defense may have caused the fee litigation to be more prolonged than otherwise it would have been, the Court will reduce, by 10%, the 8.2 hours billed by Weiner and 22.8 hours billed by Massimi for preparing the fee application, *see* Massimi Reply Decl. Ex. 1; Weiner Reply Decl. Ex. 2, reducing the 31 total hours claimed to 27.9 hours.

## CONCLUSION

The Court grants Charles's fee request with the exceptions and modifications enumerated above. Accordingly, Charles is entitled to an award of $48,983.50, broken down as follows:

14

|  | **Compensable Hours** | **Rate** | **Total** |
|---|---|---|---|
| Weiner | 46.78 | $450/hour | $21,051 |
| Massimi | 109.27 | $225/hour | $24,585.75 |
| Alfarone | 12.8 | $100/hour | $1,280 |
| Costs & Expenses |  |  | $2,066.75 |

The Clerk of Court is respectfully directed to terminate the motion pending at docket number 55, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: September 4, 2014
New York, New York

15